UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
JARED J. GROGAN,                                :
                                                                          :
                              Plaintiff,       :           20-CV-3345 (LTS) (OTW)
                                                                          :
             -against-                        :           **OPINION AND ORDER**
                                                                          :
NEW YORK UNIVERSITY and NYU IN ABU       :
DHABI CORPORATION,                              :
                                                                          :
                         Defendants.    :
                                                                          :
------------------------------------------------------------x

       **ONA T. WANG**, **United States Magistrate Judge:**

       On September 13, 2023, *pro se* Plaintiff filed a letter "regarding . . . notably serious procedural and administrative issues with respect to the process." (ECF 102 at 1). This Opinion and Order addresses Points 9 to 11 of the filing, in which Plaintiff seeks my recusal, and which must be resolved before I can address the other issues Plaintiff raised in his filing. (ECF 102 at 10-12). Because Plaintiff has not shown that an alumni affiliation is grounds for a conflict of interest, Plaintiff's motion for recusal is **DENIED**.

    **I.**    **BACKGROUND**

       Plaintiff originally filed his complaint, *pro se*, on April 29, 2020. (*See* ECF 1). On January 31, 2022, after having obtained counsel, he filed an amended complaint raising three employment-related claims: (1) discrimination in violation of the Americans with Disabilities Act (ADA), (2) retaliation in violation of the ADA, and (3) breach of contract. (ECF 48). The parties were referred to the Court-annexed Mediation Program, after which the mediator reported that the case settled. (ECF 61). Judge Swain then entered a 30-day order, which provided the

parties 30 days to finalize the settlement. (ECF 62). After this time was extended, Plaintiff's counsel timely sought to reopen the case and to withdraw from representation of Plaintiff due to, *inter alia*, "irreconcilable conflict between" Plaintiff and his counsel. (*See* ECF 66; *see also* ECF Nos. 65–69). Counsel's motion to withdraw was granted on November 2, 2022, and Plaintiff was directed to inform the Court by December 2, 2022, whether he would retain new counsel or proceed *pro se*. (ECF 75). After a period of months[1] between December 2022 and February 2023 where Plaintiff's change of address was apparently not reflected on the docket, resulting in delays in Plaintiff receiving and/or responding to court orders, the Court held several telephonic settlement calls in an attempt to resolve the case, but was unable to do so. (*See* ECF Nos. 81–88).

After settlement discussions were unsuccessful, Plaintiff sought, on or around June 22, 2023, six weeks to file a "supplemental amended complaint" (ECF 92), which was opposed by Defendants. (ECF 94). The Court gave Plaintiff a deadline of August 4, 2023, and cautioned Plaintiff that "[f]ailure to timely file his supplemental complaint will result in ECF 48 being the only operative complaint." (ECF 95). In two filings dated August 3 and August 4, 2023, Plaintiff again sought additional time to file his supplemental complaint, citing, *inter alia*, personal health issues, his mother's health issues, and delays in processing and receipt of U.S. Mail, and sought an additional 30 days to complete his filings. (*See* ECF Nos. 97 and 100). By order dated August 11, 2023, Plaintiff was given until September 15, 2023, to file his supplemental complaint. (*See* ECF 99). Defendants served this Order (ECF 99) on Plaintiff via certified mail on

---

[1] Although Plaintiff did not file a response to ECF 75, Plaintiff's filings subsequent to December 2, 2022, indicated that he would proceed *pro se*.

August 14, 2023, and via FedEx on August 16, 2023. (ECF 101).

On September 13, 2023, Plaintiff filed a twelve-page document containing the instant motion for recusal, dated September 10, 2023. (ECF 102). Because the motion also contained the substance of settlement communications from earlier in the spring, as well as private medical information concerning Plaintiff and his mother, the Court provisionally sealed the entire document and directed Plaintiff to submit a proposed redacted version by September 29, 2023. (ECF 106).[2] The Court also directed Defendants to respond to the motion for recusal by September 22, 2023. (ECF 108).

## II.  ANALYSIS

Plaintiff asserts the following facts to support recusal:

1) I am an alumna of NYU Law School (ECF 102 at 10-12);

2) I received an award from NYU Law School in 2016, for which I was "publicly celebrated . . . via [Defendants'] University Magazine;"[3]

3) I "did not disclose" either of the above facts;[4] and

4) I issued at least two Reports and Recommendations recommending dismissal of this

---

[2] Plaintiff did not submit a proposed redaction, so the Court has undertaken to redact ECF 102 consistent with the well-established qualified First Amendment right to access judicial documents, *see generally Lugosch v. Pyramid Co. of Onondaga,* 435 F.3d 110, 120 (2d Cir. 2006), as Exhibit A to this Opinion and Order. *See, e.g.*, *Hanks v. Voya Ret. Ins. & Annuity Co.*, No. 16-CV-6399 (PKC), 2021 WL 2451981, at *2 (S.D.N.Y. June 16, 2021) ("The Court finds that the proposed redactions . . . protecting personal medical information outweigh the public's right to access this information and are narrowly tailored.").

[3] While I did receive NYU Law School's inaugural Public Service Award in 2016, I was not aware of any publication of such news in a "University Magazine." Unfortunately, since Plaintiff has not provided a citation to the publication, I remain unaware of any such public celebration beyond the awards ceremony in 2016.

[4] My educational background, employment history, and a few awards and honors (including the 2016 award) are readily available online and were publicly disclosed years before Plaintiff instituted this suit.

case for failure to prosecute, which Judge Swain did not adopt.[5]

Although Plaintiff does not cite the relevant statute here, 28 USC § 455, I will treat Points 9 to 11 of his filing (ECF 102 at 10-12) as a motion for recusal under both sections 455(a) and 455(b). Section 455(a) requires recusal in any proceeding in which a judge's "impartiality might reasonably be questioned." Section 455(b) enumerates several specific circumstances for recusal. Here, it is likely that sections 455(b)(1)[6] and 455(b)(4)[7] are implicated because Plaintiff asserts that my orders were "continuously favoring the Defendants" (ECF 102 at 9; *see also supra* n.4), and because my status as an alumna of NYU Law School "confers prestige and material benefit to one as a graduate, . . . and [conversely,] degradation of the reputation of one's alma mater are materially adverse to alumni." (ECF 102 at 10).

1. **Unfavorable Decisions are Insufficient to Show Bias**

As a preliminary matter, "prior adverse rulings, without more, do not provide a reasonable basis for questioning a judge's impartiality." *See Edwards v. Willkie*, No. 16-CV-8031 (LTS) (OTW), 2020 WL 1685824, at *5 (S.D.N.Y. Apr. 6, 2020) (internal quotations omitted)

---

[5] *See* ECF 102 at 9:

> [T]here have been multiple instances of the Hon. Judge Wang taking decisions — that in each case have favored the Defendants — only to be reversed by the Hon. Judge Swain. While there may be reasonable explanations for any specific decisions, in the aggregate, the effect of multiple areas of divergence between the Magistrate Judge and the Superior [District] Judge contributes to perceptions that could cause any impartial observer in the public to raise questions about this factual pattern of split decisions in the Court, with the presiding Magistrate Judge continuously favoring the Defendants.

[6] 28 USC § 455(b)(1) states that a Judge should disqualify themselves "[w]here he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding[.]"

[7] 28 USC § 455(b)(4) states that a Judge should disqualify themselves where "[h]e knows that he, individually or as a fiduciary, or his spouse or minor child residing in his household, has a financial interest in the subject matter in controversy or in a party to the proceeding, or any other interest that could be substantially affected by the outcome of the proceeding[.]"

(citing *Schiff v. United States*, 919 F.2d 830, 834 (2d Cir. 1990)). Without going too deeply into the procedural history of this case, recommendations to dismiss were issued after Plaintiff had failed – sometimes repeatedly – to comply with Court-ordered deadlines. For example, the 2021 Report and Recommendation (ECF 10) issued nearly two months after the order to show cause had issued (ECF 9), which itself issued approximately six months after Plaintiff should have served the Defendants. (ECF 4). Nonetheless, when Plaintiff wrote to Judge Swain shortly thereafter, detailing challenges with serving Defendants during the pandemic, and identifying medical issues that also prevented him from timely moving his case along, the case was promptly reopened. (*See* ECF Nos. 13 and 16).

The second recommendation of dismissal was never adopted by Judge Swain, because Plaintiff wrote, belatedly, on December 22, 2022, that he had changed his address, placing blame on the Pro Se Office and the United States Postal Service. (ECF Nos. 77 and 79). Scheduling orders setting teleconferences were sent to the new Arizona address identified in his letter, as well as the Oklahoma address then on the docket.[8] (*See* ECF 81). Although mail to the Oklahoma address was returned, mail to the Arizona address was not. Nonetheless, Plaintiff failed to attend the first telephone conference that had been scheduled for February 2, 2023. (ECF 82).

After renewed settlement talks failed, Plaintiff indicated that he wished to supplement his complaint. (ECF 92). What followed was a cycle of deadlines set at Plaintiff's request, eleventh-hour (or sometimes belated) requests to extend those deadlines, a resetting of the

---

[8] Plaintiff asserts that he has attempted to change his mailing address on the docket since 2022 and faults the Pro Se Office for failing to enter them. (ECF 79). In any event, it appears that mailings in 2023 sent to the Arizona address have reached Plaintiff and the docket now reflects the Arizona address.

deadlines to or beyond the dates requested by Plaintiff, only to be followed by another request for extension. (*See* ECF Nos. 88–100).

As was the case in *Edwards*, the record here belies the claims of favoritism: Plaintiff has obtained every extension he sought, even after being told there would be no further extensions, and the granted extensions were based on Plaintiff's own representations about the amount of time he needed. And even if these orders were "adverse,"[9] adverse decisions do not merit recusal. Otherwise, judges would be subject to recusal any time they ruled on a matter, since it is rare that a court ruling – particularly on a dispositive matter, which this is not – is favorable to all parties. *See Edwards*, 2020 WL 1685824, at *5.

### 2. Alumni Affiliations are Insufficient to Show Bias or an Interest in a Party

Affiliation as an alumna is also insufficient to show bias, prejudice or a circumstance in which a judge's impartiality might reasonably be questioned. Judge Cabranes highlighted the absurdity of this argument where, after perceived unfavorable discovery rulings, a plaintiff sought recusal due to his and his wife's affiliations with Yale:

> Plaintiff's theory of recusal is untenable because, among other things, its application leads to obviously absurd results.... Plaintiff's argument would require disqualification of a judge who is a Yale trustee or teacher or who is married to a Yale teacher in all cases where any Yale alumnus surfaces as a party or as an attorney, or perhaps even as a witness. The principle of plaintiff's argument would of course apply to *any* judge who serves, or who has a spouse who serves, *any* educational institution as a trustee or teacher.

---

[9] Similarly, requiring legible medical documentation, under seal, from parties seeking adjournments for medical reasons is not a basis for recusal, particularly where medical reasons are used as the reason for every adjournment. *See Edwards*, 2020 WL 1685824, at *5; *see also Klaes v. Jamestown Bd. Of Public Utilities*, No. 11-CV-606A, 2011 WL 4458923, at *1 (W.D.N.Y. Sept. 23, 2011) (denying motion for preliminary injunction without prejudice, but noting that even with submission of doctors' notes, "[t]he problem is that Plaintiff cannot use long-term medical and psychological conditions to postpone his hearing forever.").

*McCann v. Commc'ns Design Corp.*, 775 F. Supp. 1535, 1543 (D. Conn. 1991); *see also Murphy v. United States*, No. 13-CV-8114 (RJS), 2016 WL 6601554, at *3 (S.D.N.Y. Nov. 4, 2016) (denying recusal for "fail[ure] to articulate any bias or prejudice on the part of the undersigned with respect to his case – indeed, there is none – and merely makes conclusory assertions designed to disparage the Court and the judicial process"; collecting similar cases). Indeed, judges have denied recusal where the judges themselves were the individuals affiliated with the defendant institution as adjunct faculty. *See Sessoms v. Trustees of Univ. of Pa.*, No. 16-CV-2954, 2017 WL 2242847 (E.D. Pa. May 23, 2017); *Medsense, LLC v. Univ. Sys. of Maryland*, No. 8:20-CV-892 (PWG), 2020 WL 3498084, at *2 (D. Md. June 29, 2020); *see also* ECF 109 for additional case citations.

While it is true that I celebrate any victory by Harvard over Yale, for example, that "bias" does not mean that Yale (or Harvard) would be given unlimited extensions to make an optional filing, nor would attempts by me to limit the number and duration of extensions be a reason for recusal under Section 455(b)(1). Using the same metaphor, bragging rights over an alma mater's reputation – whether it be in a classmate's Olympic medals, world records or Nobel prize, or a fellow alumna's explorations in space – would not be a sufficient interest "in the subject matter in controversy or in a party to the proceeding," to be sufficient for recusal under Section 455(b)(4). *See Ravikant v. Rohde*, No. 21-CV-4758 (GHW) (OTW), 2022 WL 2185216, at *2 (S.D.N.Y. May 17, 2022) (collecting cases and discussing affiliations insufficient to support recusal under 455(b)).

III.     **CONCLUSION**

For the foregoing reasons, Plaintiff's motion for recusal is **DENIED**. The Clerk of Court is respectfully directed to mail a copy of this Order to *pro se* Plaintiff.

**SO ORDERED.**

Dated: October 12, 2023
       New York, New York

*s/ Ona T. Wang*
**Ona T. Wang**
United States Magistrate Judge