UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
JARED J. GROGAN,

                      Plaintiff,

       -against-

NEW YORK UNIVERSITY and NYU IN ABU
DHABI CORPORATION,

                      Defendants.
------------------------------------------------------------x

20-CV-3345 (LTS) (OTW)

**ORDER**

**ONA T. WANG, United States Magistrate Judge:**

On October 12, 2023, I denied *pro se* Plaintiff's request for recusal (ECF 110), filed at ECF 102 (redacted version at ECF 110-1). Reading ECF 102 liberally, I will now turn to the other issues and requests, adopting Plaintiff's numbering convention.

1. ***Pro Se* Intake** (ECF 110-1 at 1). This request, to "direct the Court to confirm" Plaintiff's *pro se* status, is **DENIED as moot**. The docket clearly reflects Plaintiff's *pro se* status and numerous orders have identified Plaintiff's *pro se* status. To the extent Plaintiff requests the Court "to retrieve emails [Plaintiff] sent to the Pro Se Intake," that request is also **DENIED**.

2. **Upper Extremity Handicap** (ECF 110-1 at 1-3). This section consists of Plaintiff recounting his description of his injuries and disabilit(ies). Any factual findings regarding the nature and extent of Plaintiff's disability and its causal nexus to an adverse employment action is reserved for the factfinder and only after discovery has been completed. Discovery has not yet started.

3. **Confidential Medical Records** (ECF 110-1 at 3-6). This section consists of Plaintiff describing his medical issues, and taking issue with ECF 99 (*see also* ECF 106) in which I had directed Plaintiff to file, under seal,[1] medical documentation to support his excuses for tardy filings, failing to keep his mailing address updated, and failing to appear for conferences. This is a process similar to requiring a signed doctor's note to excuse a school absence. In any event, since there are no outstanding requests for extension and no open dates for supplementing the complaint, whether Plaintiff sufficiently complied with ECF 99 is also moot.

4. **Redacted** (ECF 110-1 at 6). This section consists of Plaintiff recounting his description of his injuries and disabilit(ies). Again, if material and relevant to the claims in the complaint, these are issues for the factfinder, after discovery.

5. **Correspondence from the *Pro Se* Plaintiff to the Defendants** (ECF 110-1 at 7). In this section, Plaintiff accuses Defendants and their counsel of lying, "withh[olding] exculpatory evidence," and misleading the Court. The only request discernible in this section seeks "that the record be corrected accordingly to remove any false assertions." *Id.* Plaintiff has not identified the allegedly false assertions to a degree necessary for the "record" to be corrected. Moreover, Plaintiff is cautioned that even under the liberal standards granted to *pro se* parties, *ad hominem* attacks on opposing counsel will not be tolerated. *See, e.g., Farmer v. L. Off. Weiner & Weiner, LLC*, No. 19-CV-7115 (GBD)

---

[1] Plaintiff apparently misunderstood the directive to file medical records **under seal**. The contents of medical records filed under seal in this manner would only be visible to the Court and the party who filed them (i.e., Plaintiff), although the fact that they had been filed would be visible to the public. Plaintiff instead publicly filed heavily redacted documents that showed the public and the Court only that certain medical records had been filed, but the Court was unable to discern the contents of those documents.

(OTW), 2020 WL 6530882, at *2 (S.D.N.Y. Apr. 6, 2020) (warning *pro se* Plaintiff that "continued violation of the Court's orders regarding civility could result in sanctions").

6. **Defendants' Purposeful Evasion of Service** (ECF 110-1 at 7-8). Again, Plaintiff blames Defendants for his difficulty in service. Defendants have now appeared, participated in settlement discussions in good faith, and have notice of the lawsuit. The service issue is moot.

7. **Failure of the Court to Admonish or Sanction the Defendants** (ECF 110-1 at 8). It appears that this request for sanctions is based on issues #5 or #6 above. It is **DENIED**.

8. **Threat of Sanctions on the Plaintiff based on Provably False Predicate** (ECF 110-1 at 8-9). Because Plaintiff cites to no order or other filing on the docket, it is unclear what Plaintiff asserts is a "provably false predicate." He appears to take issue with representations made by Defendants in recent months that they were unable to reach Plaintiff. Nonetheless, after Plaintiff indicated that he wished to supplement his Complaint, he received every extension he requested, even when they were requested at (and received after) the prior deadline had passed. *See* ECF 110 at 6. It is unclear what relief Plaintiff seeks. If he seeks the amendment or vacatur of a prior order, it is **DENIED**.

9. **Items 9-11** (ECF 110-1 at 9-12). These sections concerned Plaintiff's motion for recusal, which the Court addressed in its October 12, 2023, ruling. *See* ECF 110.

**SO ORDERED.**

Dated: October 23, 2023　　　　　　　　　　　　　　　　　_s/ Ona T. Wang_
　　　　New York, New York　　　　　　　　　　　　　　　**Ona T. Wang**
　　　　　　　　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge