UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
JARED J. GROGAN,

                                    Plaintiff,          20-CV-3345 (LTS) (OTW)

         -against-

                                                **REPORT & RECOMMENDATION TO THE**
NEW YORK UNIVERSITY and NYU IN ABU       **HONORABLE LAURA T. SWAIN**
DHABI CORPORATION,

                                Defendants.

------------------------------------------------------------x

**ONA T. WANG, United States Magistrate Judge:**

I. **INTRODUCTION**

Jared Grogan ("Plaintiff") brought this action *pro se* against New York University and the NYU in Abu Dhabi Corporation (together, "Defendants") in 2020, alleging *inter alia* that Defendants had discriminated against him based on his disability and retaliated against him for reporting their alleged misconduct. In pursuing his suit, Plaintiff has failed to comply with Court directives, to meet Court-ordered deadlines, and to timely communicate with the Court, including failing to respond to numerous Court orders. In short, he has failed to prosecute his case, despite at least seven explicit warnings that such failure could result in a recommendation that his case be dismissed. (*See* ECF Nos. 4, 9, 75, 81, 82, 129, 131). Accordingly, for the following reasons, I respectfully recommend that this action be dismissed.

II. **RELEVANT BACKGROUND**

The Court assumes familiarity with the facts of this case and summarizes here.

A. **Plaintiff Fails to Timely Serve Defendants or Respond to the January 25, 2021 Order**

Plaintiff began his case on the wrong foot. Plaintiff filed his complaint on April 29, 2020, (ECF 1), without submitting either a filing fee or an application to proceed *in forma pauperis* (*see* ECF 2). On May 5, 2020, the Court directed Plaintiff to either render payment or submit such application by June 4, 2020 (ECF 4); Plaintiff paid by check on May 15, 2020 (*see* Docket). The Court then directed Plaintiff to serve his summonses and complaint on Defendants within 90 days of the issuance of the summonses. (ECF 4). The Court warned Plaintiff that if he failed to timely serve Defendants (or request more time to do so) the Court might dismiss his case for failure to prosecute. (ECF 4). This would be the **first of seven** such warnings.

Plaintiff did fail to timely serve Defendants. (ECF 9). On January 25, 2021, I issued an Order to Show Cause directing Plaintiff to show in writing by February 12, 2021, why I should not recommend that his action be dismissed for failure to prosecute. (ECF 9). This was the **second** such warning. Plaintiff did not respond. (*See Docket*). Accordingly, on March 24, 2021, I issued a Report and Recommendation to Judge Swain recommending that the case be dismissed.[1] (ECF 10). Judge Swain adopted my first Recommendation, and closed the case on April 14, 2021. (ECF 11).

On May 1, 2021—nearly <u>three months</u> after the February 12 deadline to respond to the Court's OSC, and <u>eight months</u> since Plaintiff was to have served Defendants—Plaintiff finally contacted the Court. (ECF 13). Plaintiff claimed that he had been suffering acute medical issues that had prevented him from attending to the case, and requested that, "for reasons of the

---

[1] This was to be the first of three such Recommendations. (*See* ECF Nos. 10, 76, and the instant Recommendation).

pandemic, privacy and expediency in the goal of reaching settlement," he be allowed to serve Defendants via email. (ECF 13). On May 4, 2024 Judge Swain reopened the case. (ECF 16).

Plaintiff made three subsequent requests to the Court to serve Defendants by email. (ECF Nos. 20, 21, 23). At the time of Plaintiff's letters, although he had served one Defendant (ECF 22), service on the other was months overdue. (*See* ECF 4). The Court denied Plaintiff's request for alternate service but extended the deadline to effectuate service to September 24, 2021. (ECF 24). Plaintiff successfully served the second Defendant on September 21, 2021, and submitted an affidavit of service on September 24, just under the wire. (ECF 34).

B. **Plaintiff Fails to Respond to the November 2, 2022 Order**

In 2022, the parties attended mediation to try to settle the case. At this juncture, Plaintiff had found representation. (ECF Nos. 44, 46). On August 11, 2022, the mediator advised the Court that the parties had reached an agreement on all issues. (ECF 61). On August 12, 2022, Chief Judge Swain closed the case and gave the parties until September 12, 2022, to reopen the case or request additional time in which to finalize the settlement. (ECF 62).

Ultimately, the parties were unable to finalize the settlement, and the Court reopened the case. (*See* ECF 64). Shortly after, Plaintiff's counsel moved to withdraw (ECF 75; *see also* ECF Nos. 65, 66, 67), to which motion Plaintiff did not even respond. In light of these developments, on November 2, 2022, the Court ordered Plaintiff (1) to inform the Court whether he intended to proceed *pro se* or retain new counsel, and (2) if he intended to proceed *pro se*, to update his address with the Court, by December 2, 2022. (ECF 75). The Court warned Plaintiff that failure to respond to the November 2 Order could result in another recommendation that his case be dismissed. (ECF 75). This was Plaintiff's **third** such warning.

Plaintiff did not respond to the November 2 Order.  (*See* Docket).  Consequently, on December 9, 2022, I issued a Report and Recommendation to Judge Swain that this case be dismissed.  (ECF 76).  Nineteen days later, on December 28, 2022, Plaintiff contacted the Court, claiming: that his correspondences were not reaching the Court; that he had submitted a change of address form to the Court in October 2022; and that he had been experiencing personal medical issues.  (ECF 77).  Judge Swain declined to adopt my second Recommendation to dismiss the case.  (ECF 80).

### C. Plaintiff Fails to Appear at the February 2, 2023 Conference or Respond to the February 2 Order

In early 2023, the Court scheduled multiple conference calls in an—ultimately unsuccessful—effort to resolve the case.  (ECF Nos. 85, 86, 87).  (*See also* ECF 88).  Relevant here, on January 6, 2023, the Court scheduled one such conference for February 2, 2023, simultaneously warning Plaintiff, for the **fourth** time, that failure to attend might result in a third recommendation that his case be dismissed.  (ECF 81).  There has been no indication that Plaintiff did not received ECF 81, but Plaintiff did not appear at the February 2 tele-conference, or otherwise communicate with the Court.  Accordingly, on February 2, 2023, I ordered Plaintiff to show cause why I should not recommend that the action be dismissed for failure to prosecute—a **fifth** warning.  (ECF 82).  Plaintiff responded (eighteen days later), on February 20, 2023, claiming that personal and familial medical issues had prevented him from attending the February 2 conference or communicating with the Court.  (ECF 84).

### D. Plaintiff Fails to Participate in His Litigation

Following the failed settlement talks, the Court attempted to move the case forward, but Plaintiff proved unwilling or unable to participate:

- Plaintiff did not participate in preparing a Court-ordered joint status letter regarding next steps, (ECF Nos. 88, 89), and instead filed a separate letter requesting an extension—on the due date (ECF 90). The Court granted the request. (ECF 91).

- Plaintiff also requested—and was granted—several extensions of the deadline to supplement or amend his complaint. (ECF Nos. 92, 97, 99). (*See also* ECF 95).

- Aside from a lengthy letter including additional facts and allegations (though not styled as a supplemental or amended complaint) (ECF 100), Plaintiff never supplemented his complaint. (*See* Docket).[2]

- Plaintiff did, however, file a motion on September 13, 2023, requesting that I recuse (ECF 102), which motion I denied (ECF 110).

- Plaintiff neither objected to nor appealed my decision. (*See* Docket).

- Around the same time that Plaintiff requested I recuse, Defendants moved to enforce the settlement agreement, (ECF 103), which motion I denied (ECF 112). Defendants moved for reconsideration of my Order. (ECF 114). I issued a Report and Recommendation to Judge Swain, recommending denying the motion to enforce the settlement agreement. (ECF 117).

- In connection with Defendants' motion to enforce the settlement, Plaintiff filed nothing at all—neither in opposition to Defendants' initial motion, nor in connection with their motion for reconsideration, nor as an objection to my Recommendation.

### E. Plaintiff Fails to Respond to the 2024 Orders

Aside from filing a notice of change of address on May 15, 2024 (ECF 123), Plaintiff has not communicated with the Court in any way whatsoever since filing his motion to recuse on September 13, 2023 (ECF 102), <u>over a year ago</u>. In light of his non-participation, on September

---

[2] On January 10, 2024, nearly five months after Plaintiff had filed anything in this action, the Court determined to construe ECF Nos. 48 and 100, together, as the operative complaint. (ECF 112).

18, 2024, more than one year after Plaintiff's last substantive filing, I ordered Plaintiff to inform the Court, by October 18, 2024: (1) whether he consented to or opposed a further extension of Defendants' time to supplement their answer (*see* ECF 127); and (2) whether he would like to accept the lump sum payment that Defendants had proposed at mediation, in full settlement of his claims.  (ECF 129).  The September 18 Order noted that, "[f]ailure to timely respond shall result in a recommendation that this action be dismissed for failure to prosecute."  (ECF 129) (emphasis in original).  A **sixth** warning.  Plaintiff never responded to the October 18 order. (*See* Docket).

On October 28, 2024, I issued one final, **seventh** warning, in an Order to Show Cause directing Plaintiff to show cause in writing, by Monday, November 25, 2024, why I should not recommend that the action be dismissed for failure to prosecute.  (ECF 131).  Nearly eight weeks later, Plaintiff still has not responded to my October 28 Order, or otherwise contacted the Court to explain why he has not participated in his case.  (*See* Docket).

### III.   DISCUSSION

A District Court may dismiss a civil action if the plaintiff fails to prosecute his claim, comply with Court rules, or comply with a court order.  *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962)); Fed. R. Civ. P. 41(b).  *See* Fed. R. Civ. P. 16(f), 37(b).[3]  Dismissal for failure to prosecute is a "harsh remedy" appropriate only in "extreme situations."  *United States ex rel. Drake v. Norden*

---

[3] Under Rule 16(f), which incorporates Rule 37(b)(2)(A)(v) by reference, a Court may dismiss an action *sua sponte* if a party: fails to appear at a scheduling or other pretrial conference; is substantially unprepared to participate in the conference or does not participate in good faith; or fails to obey scheduling or other pretrial orders.  Fed. R. Civ. P. 16(f)(1), 37(b).  Plaintiff here has done all three.

6

*Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004).  While courts afford "special solicitude" to *pro se* litigants (*Tracy v. Freshwater*, 623 F.3d 90, 101 (2d Cir. 2010)), especially regarding procedural matters (*Le Sane*, 239 F.3d at 209) the obligation to move his case forward still applies to a *pro se* plaintiff.  *See Smith v. Griffen*, 15-CV-622, 2017 WL 4466453, at *2–3 (S.D.N.Y. 2017) ("[C]ourts in in this district routinely dismiss *pro se* . . . actions for failure to prosecute where [a plaintiff] fails to participate . . ."), *rep. & rec. adopted*, at 15-CV-622, 2017 WL 4477062 (S.D.N.Y. 2017).

Dismissal for failure to prosecute is proper if, in light of the record as a whole, the balance of five factors favors dismissal: (1) whether the plaintiff's failure to prosecute caused a delay of significant duration; (2) whether the plaintiff was given notice that further delay would result in dismissal; (3) whether further delay prejudices the defendant; (4) the need to alleviate court calendar congestion balanced against the plaintiff's right to an opportunity to be heard; and (5) the efficacy of lesser sanctions.  *Drake*, 375 F.3d 254.  No one factor is dispositive. *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014).

Here, all five factors weigh in favor of dismissal.

### A. Factor 1: Delay of Significant Duration

Aside from submitting a change of address form on May 15, 2024, Plaintiff has not communicated with the Court since he filed his motion to recuse in September 2023, <u>fourteen months ago</u>, a duration well above the range of four to ten months considered sufficiently "significant" to favor dismissal.  *Rubin v. Abbott Lab'ys*, 319 F.R.D. 118, 120 (S.D.N.Y. 2016) (collecting cases).  Indeed, as Plaintiff has deliberately and continuously disobeyed court

7

orders,[4] even a shorter delay would suffice to dismiss his case. *Feurtado v. City of New York*, 225 F.R.D. 474, 478 (S.D.N.Y. 2004). *See Peart v. City of New York*, 992 F.2d 458, 460–61 (2d Cir. 1993) (finding a ten-day delay sufficient where the plaintiff violated multiple court orders).

### B. Factor 2: Notice

As detailed above, the Court has warned Plaintiff that failure to participate in his case would result in dismissal of his case no fewer than seven times. He has had ample notice that further delay on his part would result in his case being dismissed. *See Drake*, 375 F.3d 254.

### C. Factor 3: Prejudice to Defendant

Prejudice to Defendants is presumed here. *See Rubin*, 319 F.R.D. at 121. Plaintiff has not participated in this lawsuit since September 2023, and his failure to respond to Defendants' settlement offers prevents Defendants from either moving forward with their case or resolving it, unfairly forcing them to bear the expense of this lawsuit. *Id.*

### D. Factor 4: Judicial Resources

Where, as here, a plaintiff "has rebuffed opportunities to be heard," (*see* ECF Nos. 129, 131) calendar congestion outweighs the litigant's right to an opportunity to be heard. *Rubin*, 319 F.R.D. at 121 (collecting cases); *Baptiste*, 768 F.3d at 218–19. The Court need not continue to offer Plaintiff time in its calendar.

---

[4] Including, as detailed above, failure to: timely serve Defendants or respond to the Court's orders regarding service (ECF Nos. 4, 9); respond to the Court's November 2, 2022 Order (ECF 75); appear at the February 2, 2023 conference (ECF 81); participate in preparing the parties' joint status letter (ECF 88); timely supplement his complaint (ECF 95); and respond to the Court's September 18 and October 28 Orders. (ECF Nos. 129, 131)

E. **Factor 5: Lesser Sanctions**

On this record, dismissal is appropriate because lesser sanctions would be—and have been—inadequate. Plaintiff has been unwilling, or otherwise unable to move his case forward, despite the Court's repeated offers of conferences, extensions, and other opportunities. Where, as here, the Court has no other means to move the case forward, dismissing the case is appropriate, and the Court need not exhaust all possible lesser sanctions before doing so. *South New England Tel. Co. v. Glob. NAPs Inc.*, 624 F.3d 123, 148 (2d Cir. 2010). *Cf. Baptiste*, 768 F.3d at 219 (reversing the lower court where alternatives may have been effective, such as setting and enforcing reasonable deadlines for discovery and motion practice).

**\*\*\***

For the foregoing reasons, I recommend that this action be dismissed.

IV. **OBJECTIONS**

In accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days (including weekends and holidays) from receipt of this Report to file written objections. *See also* Fed. R. Civ. P. 6. A party may respond to any objections within fourteen (14) days after being served. Such objections, and any responses to objections, shall be addressed to the Honorable Laura T. Swain, United States District Judge. Any requests for an extension of time for filing objections must be directed to Judge Swain.

**FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS WILL RESULT IN A WAIVER OF OBJECTIONS AND WILL PRECLUDE APPELLATE REVIEW.** *See Thomas v. Arn*, 474 U.S. 140, 155 (1985); *IUE AFL-CIO Pension Fund v. Herrmann*, 9 F.3d 1049, 1054 (2d Cir. 1993); *Frank v.*

*Johnson*, 968 F.2d 298, 300 (2d Cir. 1992); *Wesolek v. Canadair Ltd.*, 838 F.2d 55, 58 (2d Cir. 1988); *McCarthy v. Manson*, 714 F.2d 234, 237–38 (2d Cir. 1983).

The Clerk of Court is respectfully directed to serve a copy of this Order on the *pro se* Plaintiff at the address on the docket.

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | *s/  Ona T. Wang* |
| Dated: December 19, 2024 | **Ona T. Wang** |
| New York, New York | United States Magistrate Judge |